IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel J. Amato,                  Case No. 1:06 CV 2951

       Petitioner,            MEMORANDUM OPINION
                                    AND ORDER
      -vs-
                                     JUDGE JACK ZOUHARY
Rich Ganshiemer,

       Respondent.

On December 8, 2006, Petitioner *pro se* Daniel J. Amato filed this habeas corpus action under 28 U.S.C. § 2254. Amato is incarcerated in an Ohio penal institution, having been convicted of rape (ten counts) and corruption (three counts) in February 1996. The Petition reflects that Amato filed a Motion for New Trial in December 2004, asserting juror misconduct, and that the Motion was denied in February 2005. No further appeal was taken. For the reasons stated below, the Petition is denied.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b). Finally, persons in custody pursuant to a state court judgment must generally file any federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Further, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

It is evident on the face of the Petition that over ten years passed from the date of Petitioner's conviction to the filing of this Petition. The 2004 post-conviction motion cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action. *Thompson v. Chandler*, 55 Fed.Appx. 758, 2003 WL 343249 (6th Cir. 2003). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) are claimed to apply, and there is no reasonable suggestion of a basis for tolling the one-year statute of limitations. Therefore, the Petition is time-barred.

Accordingly, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 15, 2007